# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**December 30, 2015**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ERIC SMITH,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0783** (BOR Appeal No. 2049313)
(Claim No. 2012029111)

**CITY OF SOUTH CHARLESTON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Eric Smith, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of South Charleston, by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 23, 2014, in which the Board affirmed a February 28, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 30, 2013, decision which denied the request for payment of an electromyogram and nerve conduction study performed on November 9, 2012. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith, a police officer for the City of South Charleston, West Virginia, was exiting his cruiser on March 10, 2012, when he fell and injured his right ankle. On March 26, 2012, the claim was held compensable for a right ankle sprain. Mr. Smith underwent a nerve conduction study on August 21, 2012, which revealed electrophysiological evidence consistent with severe right lumbosacral polyradiculopathy affecting many levels. There was evidence of involvement of at least the L4, L5, and S1 levels of Mr. Smith's spine. On November 2, 2012, Mr. Smith reported to Paul Bachwitt, M.D., for an independent medical evaluation. Dr. Bachwitt diagnosed

1

Mr. Smith with a right ankle sprain. Dr. Bachwitt noted that any ongoing neurological problems would be unrelated to the original injury and no additional diagnoses were appropriate in the claim. Dr. Bachwitt opined that Mr. Smith had reached his maximum degree of medical improvement. On November 9, 2012, Mr. Smith had another nerve conduction study and requested that it be covered under the claim. On April 30, 2013, the claims administrator denied the request for payment of the nerve conduction study performed on November 9, 2012. Mr. Smith protested. On March 21, 2013, Mr. Smith reported to Constantino Y. Amores, M.D., for an independent medical evaluation. Dr. Amores diagnosed Mr. Smith with lumbar radiculopathy on the right of uncertain etiology and obesity. He found Mr. Smith had not reached his maximum degree of medical improvement.

The Office of Judges found that the nerve conduction study was not medically related and reasonably required for a compensable conditions in the claim. The Office of Judges noted that the claim has been held compensable for right ankle sprain. The Office of Judges found that since the injury, Mr. Smith has been experiencing numbness, loss of sensation, and muscle weakness in his right lower extremity below the knee. The Office of Judges noted the record indicated that these were the symptoms for which the August 21, 2012, nerve conduction study was requested. After the nerve conduction study, Mr. Smith was diagnosed with lumbar radiculopathy by Dr. Amores. The Office of Judges noted that the November 9, 2012, study revealed electrophysiologic evidence consistent with severe right lumbosacral polyradiculopathy affecting many levels. There was evidence of involvement of at least the L4, L5, and S1 levels. The Office of Judges adopted the report of Dr. Bachwitt. Dr. Bachwitt opined that the ankle injury and the lumbar radiculopathy were unrelated. The Office of Judges determined that Mr. Smith's need for the nerve conduction study was related to a back injury or degenerative process as opposed to his ankle injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the decisions of the Office of Judges and Board of Review. The nerve conduction study was requested due to Mr. Smith's complaints of loss of sensation and weakness in his right lower leg. At the outset, it would seem plausible that his ankle injury was causing persistent problems in his lower leg. However, the development of the evidence points to a source other than the March 10, 2012, leg injury. The nerve conduction study performed on August 21, 2012, revealed electrophysiological evidence consistent with severe right lumbosacral polyradiculopathy affecting many levels. There was evidence of involvement of at least the L4, L5, and S1 levels of Mr. Smith's spine. Dr. Bachwitt opined that the source of the lower leg symptoms were the nerve roots in the lower back as opposed to the compensable ankle injury. Because the ankle injury sustained on March 10, 2012, was totally unrelated to his current need for a nerve conduction study, the Office of Judges and Board of Review were not in error for denying the medical authorization for such.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 30, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II